UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

---

ELAINE L. CHAO,  :
SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR, :

               Plaintiff,  :    Civil Action

v.

                            :    No. 2:06-cv-00547

MICHAEL RIZZI, :
LOMIK CONSTRUCTION CORPORATION,
and LOMIK CONSTRUCTION CORPORATION :
401(k) PROFIT SHARING PLAN  :

               Defendants.  :

---

## DEFAULT JUDGMENT AGAINST MICHAEL RIZZI, LOMIK CONSTRUCTION CORPORATION, AND LOMIK CONSTRUCTION CORPORATION 401(K) PROFIT SHARING PLAN

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Secretary"), having filed her Complaint herein on May 25, 2006; Defendants Michael Rizzi ("Rizzi"), Lomik Construction Corporation ("Company"), and Lomik Construction Corporation 401(k) Profit Sharing Plan ("Plan") having failed to answer or otherwise defend against the Complaint; and, default having been entered against Defendants on July 21, 2006; and Defendants stipulating to the majority of facts and allegations contained in the Complaint on September 21, 2006, the Secretary now moves the Court to enter a Default Judgment against Defendants. It appears by the parties' Joint Stipulation and the declaration filed with the Secretary's Motion that Rizzi and the Company were fiduciaries of the Plan, and that in that capacity at relevant times violated ERISA §§ 403(c)(1), 403(a), 404(a)(1)(A), 404(a)(1)(B), 406(a)(1)(D), and 406(b)(1), 29 U.S.C. §§

1103(c)(1), 1103(a), 1104(a)(1)(A), 1104(a)(1)(B), 1106(a)(1)(D), 1106(b)(1), by failing to ensure that employee elective salary deferrals to the Plan were remitted to the Plan or remitted to the Plan in a timely manner.

It also appears that that Rizzi and Lomik are liable as co-fiduciaries pursuant to ERISA § 405(a)(1), 29 U.S.C. § 1105(a)(1). The violations by defendants Rizzi and Lomik caused losses to the Plan which amount to $21,238.94, plus interest of $5,018.27 (incurred prior to Michael Rizzi's bankruptcy petition) and $1,477.63 (incurred after the filing of Michael Rizzi's bankruptcy petition). Of that total interest amount, $5,018.27 was incurred prior to the filing of Lomik's bankruptcy petition.

It is hereby ORDERED, ADJUDGED AND DECREED by the Court that:

1. Defendants Rizzi and Lomik shall restore to the Plan all losses the Plan has incurred as the result of their violations of ERISA. Those losses are as follows:

    a. With respect to Rizzi, $21,238.94, plus $5,018.27 in interest incurred prior to Rizzi's bankruptcy petition, plus $1,477.63 in interest incurred after Rizzi's bankruptcy petition.

    b. With respect to Lomik, $21,238.94 plus $5,018.27 in interest incurred prior to Lomik's bankruptcy petition.

    c. With respect to all Defendants, the cost to the Plan of the independent fiduciary, as set forth in Paragraphs 6-8 below.

2. The Plan shall set off the individual account balance of Rizzi, if any, against the amount of the losses, including interest and the costs of the independent fiduciary, resulting from his fiduciary breaches, as authorized by 29 U.S.C. §

1056(d)(4), if the losses are not otherwise restored to the Plan;

3. In connection with the setoff referred to in paragraph 2 hereof, any spouse of Rizzi retains the right, if she has any, to receive the survivor annuity under a qualified joint and survivor annuity provided pursuant to 29 U.S.C. § 1055(a)(1) or under a qualified preretirement survivor annuity provided pursuant to 29 U.S.C. § 1055(a)(2), determined in accordance with 29 U.S.C. § 1056(d)(5);

4. Rizzi shall immediately distribute the money currently held in the Plan to the appropriate participants;

5. Rizzi and the Company shall be removed as fiduciaries of the Plan as soon as an independent fiduciary is appointed for the Plan;

6. Rizzi and the Company are permanently enjoined from serving as trustees, fiduciaries, advisors, or administrators to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. §1002(3), or from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan subject to ERISA, except that Michael Rizzi shall continue to serve as the fiduciary to the Plan in order to distribute the currently existing Plan assets of $1,439.78 and until an independent fiduciary is appointed to the Plan;

7. An independent fiduciary shall be appointed with plenary authority over the administration, management, and disposition of the assets of the Plan. The independent fiduciary is directed to marshal assets in behalf of the Plan, to pursue claims in behalf of the Plan, and to take all appropriate action for the

   liquidation of the Plan and the distribution of benefits to the Plan's participants and beneficiaries;

8. The Secretary shall submit a recommendation for appointment of an independent fiduciary, and his or her compensation, to the Court when the Plan receives additional assets;

9. Rizzi and the Company shall reimburse the Plan for the cost of the independent fiduciary;

10. Rizzi and the Company and their agents, employees, service providers, banks, accountants, and attorneys shall provide the Secretary and the appointed independent fiduciary with all the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Secretary and to the independent fiduciary of all contributions to the Plan and all transfers, payments, or expenses incurred or paid in connection with the Plan;

11. Rizzi and the Company are permanently enjoined from violating Title I of ERISA;

12. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Default Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that costs will be allowed the Secretary against Rizzi and the Company.

By the Court

Date: 10/2/06

Donetta W. Ambrose
Chief U.S. District Judge